08-5977-cv
Finnan v. Ryan

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the seventeenth day of December, two thousand and nine.

PRESENT:

GUIDO CALABRESI,
JOSÉ A. CABRANES,
BARRINGTON D. PARKER,
     *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

TERRENCE FINNAN,

     *Plaintiff-Appellant,*

     -v.-                                       No. 08-5977-cv

KEVIN K. RYAN, MARSHA KAMERON FINNAN, ARA ASADOURIAN, ESSEX COUNTY, DARLA BREKENRIDGE, J. DOES, VITO CARUSO,

     *Defendants-Appellees.*

1

ANN KENNEDY,

        *Defendant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**               Terrence Finnan, Keene, NY, *pro se*.

**FOR DEFENDANTS-APPELLEES:**          Andrew M. Cuomo, Attorney General of the State of New York, Albany, NY (Barbara D. Underwood, Solicitor General, Andrew D. Bing, Deputy Solicitor General, Owen Demuth, Assistant Solicitor General, *of counsel*) *for defendants-appellees Ryan and Caruso.*

                                       Scott W. Bush, Corrigan, McCoy & Bush, PLLC, Rensselaer, NY *for defendant-appellee Asadourian.*

                                       John F. Moore, Towne, Ryan & Partners, PC, Albany, NY, *for defendant-appellee Essex County.*

                                       Timothy S. Brennan, Phelan, Phelan & Danek, LLP, Albany, NY, *for defendant-appellee Breckenridge.*

                                       Marsha Kameron Finnan, Lake Placid, NY, *pro se.*

                                       Ann Kennedy, Elizabethtown, NY, *pro se.*

Appeal from a November 7, 2008 order of the United States District Court for the Northern District of New York (Gary L. Sharpe, *Judge*).

       **UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED.**

       Plaintiff-appellant Terrence Finnan ("plaintiff"), *pro se*, appeals from the District Court's order dismissing his complaint alleging claims under 42 U.S.C. §§ 1981, 1983, 1985(2) & (3), and 1986, in a civil rights action arising out of a series of judicial proceedings to which plaintiff was a party. The District Court ordered that (1) plaintiff's claims against defendant Darla Breckenridge be dismissed under Rule 56 of the Federal Rules of Civil Procedure pursuant to the doctrine of *res judicata*, (2) plaintiff's claims against Justice Kevin K. Ryan ("Ryan") and Judge Vito Caruso ("Caruso") be dismissed under Rule 12(b)(1) of the Federal Rules of Civil Procedure pursuant to the *Rooker-Feldman* doctrine, and

(3) plaintiff's remaining claims against defendants Ann Kennedy, Marsha Kameron Finnan, Ara Asadourian, and Essex County be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. All of the defendants except for Ann Kennedy are appellees in the present action. We assume the parties' familiarity with the remaining facts, procedural history, and issues on appeal.

We review *de novo* the District Court's decision dismissing a complaint pursuant to Rule 12(b)(1), *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006), and Rule 12(b)(6), *see Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). "To survive dismissal, [a] plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Comms., Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). When a plaintiff proceeds *pro se*, as here, we are "obliged to construe his pleadings liberally, particularly when they allege civil rights violations." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004).

We also review *de novo* the District Court's decision to grant summary judgment and, in the course of that review, we resolve ambiguities and draw all permissible factual inferences in favor of the non-moving party. *See, e.g.*, *Holcomb v. Iona College*, 521 F.3d 130, 137 (2d Cir. 2008); *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n*, 182 F.3d 157, 160 (2d Cir. 1999). We will affirm the grant of summary judgment by the District Court if the record indicates "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Pilgrim v. Luther*, 571 F.3d 201, 204 (2d Cir. 2009) (internal quotation marks omitted).

Substantially for the reasons stated in the District Court's thorough order of November 7, 2008 we affirm the dismissal of plaintiff's claims under 42 U.S.C. §§ 1981, 1985(2) & (3), and 1986. *See Finnan v. Ryan*, No. 08-cv-259, 2008 WL 4891162 (N.D.N.Y. 2008). Plaintiff's §1983 claims were also properly dismissed against Marsha Finnan, Ara Asadourian, and Darla Breckenridge because they are not state actors and plaintiff made only conclusory allegations that these appellees acted in concert with state officials, which "does not suffice to state a § 1983 claim against [a] private entity." *Ciambriello v. County of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002). As to Essex County, plaintiff has not made allegations of a governmental custom or policy that would make the County liable under § 1983 and we therefore conclude that the District Court properly dismissed plaintiff's claims against the County. *See Pearl v. City of Long Beach*, 296 F.3d 76, 87 (2d Cir. 2002).

The District Court dismissed plaintiff's claims against defendants-appellees Ryan and Caruso under Rule 12(b)(1) pursuant to the *Rooker-Feldman* doctrine after being advised mistakenly that plaintiff's divorce proceedings had ended and a final judgment had been entered. On appeal, Ryan and Caruso correct this mistake and on this basis we conclude that the *Rooker-Feldman* doctrine does not bar plaintiff's claims against Ryan and Caruso. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (stating that the *Rooker-Feldman* doctrine only applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered *before the district court proceedings commenced*" (emphasis added)).

3

Plaintiff's claims against Ryan and Caruso nonetheless must be dismissed pursuant to *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), which requires federal courts to abstain from taking jurisdiction over federal constitutional claims that involve or call into question state proceedings. The requirements of *Younger* abstention have been met in this case because (1) state proceedings are pending; (2) New York state has an important interest in administering family law; and (3) plaintiff is able to raise his claims in those state court proceedings. Because we are "free to affirm an appealed decision on any ground which finds support in the record," *In re Certain Underwriter*, 294 F.3d 297, 302 (2d Cir. 2002), on the basis of *Younger* abstention we affirm the District Court's dismissal of plaintiff's claims against Ryan and Caruso.

We have considered plaintiffs other arguments and find them to be without merit.

## **CONCLUSION**

Accordingly, we AFFIRM the judgment of the District Court.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

By _____

4