09-2573-cv
Lima v. Adecco and/or Platform Learning, Inc.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect.  Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twenty-seventh day of April, two thousand and ten.

PRESENT:

JOSÉ A. CABRANES,
RICHARD C. WESLEY,
*Circuit Judges.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JOSE R. LIMA,

*Plaintiff-Appellant*,

-v.-                                                                                    No. 09-2573-cv

ADECCO and/or PLATFORM LEARNING, INC.,

*Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**                   Jose R. Lima, Bronx, NY, *pro se.*

**FOR DEFENDANT-APPELLEE:**                   Matthew A. Steinberg, Diane Windholz, Jackson Lewis LLP, New York, NY.

---

[*] The Honorable Rosemary S. Pooler, originally scheduled to be a member of the panel hearing this appeal, was unable to participate.  The appeal has been decided by the remaining two members of the panel, who are in agreement.  *See* 2d Cir. Local Rules, Internal Operating Procedure E(b).

1

Appeal from a June 9, 2009 judgment of the United States District Court for the Southern District of New York (Denny Chin, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED.**

Plaintiff-appellant Jose Lima ("plaintiff" or "Lima"), *pro se*, appeals from the District Court's order granting summary judgment in favor of defendant-appellee Adecco and dismissing his complaint against Platform Learning, Inc. ("Platform"), in his action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e). We assume the parties' familiarity with the remaining facts, procedural history, and issues on appeal.

We review *de novo* the District Court's decision to grant summary judgment and, in the course of that review, we resolve ambiguities and draw all permissible factual inferences in favor of the nonmoving party. *See, e.g.*, *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008); *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n*, 182 F.3d 157, 160 (2d Cir. 1999). We will affirm the grant of summary judgment by the District Court if the record indicates that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Pilgrim v. Luther*, 571 F.3d 201, 204 (2d Cir. 2009) (internal quotation marks omitted). In the course of our evaluation, we afford plaintiff the "special latitude" that we give to *pro se* plaintiffs, *see, e.g.*, *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998).

After conducting an independent review of the record and case law, substantially for the same reasons stated by the District Court, we conclude that Adecco cannot be considered plaintiff's employer under the "single employer" doctrine. *See Arculeo v. On-Site Sales & Mktg., LLC*, 425 F.3d 193, 198 (2d Cir. 2005). We also agree with the District Court that even if Adecco and Platform could be considered a "joint employer," Adecco could not be held liable to plaintiff based on that legal theory because there is no evidence that Adecco either knew or should have known about any of the alleged discrimination. *See generally AT&T v. NLRB*, 67 F.3d 446, 451 (2d Cir. 1995). Further, the record is replete with evidence of legitimate, non-discriminatory reasons for each of the employment actions taken with respect to Lima. Accordingly, we conclude that the District Court properly granted summary judgment in favor of Adecco.

The District Court dismissed plaintiff's claims against Platform for failure to effect service of process. As noted above, however, the record also establishes that there were legitimate, non-discriminatory, and unrebutted reasons for plaintiff's termination. We may affirm on any basis supported by the record, and we therefore hold that the judgment in Platform's favor was properly entered because a rational trier of fact could not conclude, based on this record, that Platform violated Title VII by terminating plaintiff.

## **CONCLUSION**

We have considered each of plaintiff's arguments on appeal and find them to be without merit. For the reasons stated above, we AFFIRM the judgment of the District Court.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court