08-5545-cv
Bell v. South Bay European Corp.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twenty-fourth day of May, two thousand and ten.

PRESENT:

> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> > *Circuit Judges*,
> BRIAN M. COGAN,
> > *District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

RENZER BELL,

> *Plaintiff-Appellant*,

> -v.-                                                          No. 08-5545-cv

SOUTH BAY EUROPEAN CORP., SOUTH BAY BMW, and RYAN LUDDERS,

> *Defendants-Appellees*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**                Renzer Bell, Jacksonville, FL, *pro se*.

**FOR DEFENDANTS-APPELLEES:**              Hermes Fernandez, Michael

---

[*] The Honorable Brian M. Cogan, of the United States District Court for the Eastern District of New York, sitting by designation.

1

Collins, *on the brief*, Bond, Schoeneck & King, PLLC, Albany, NY.

Appeal from a September 12, 2008 order of the United States District Court for the Southern District of New York (P. Kevin Castel, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED.**

Plaintiff-appellant Renzer Bell ("plaintiff" or "Bell") appeals from the District Court's order granting summary judgment in favor of defendants-appellees South Bay European Corp., South Bay BMW, and Ryan Ludders (jointly "defendants"). Plaintiff claims on appeal that the District Court erred in interpreting the Uniform Commercial Code (the "UCC"), deciphering whether the parties were "merchants" under the UCC and in determining ultimately that there was no contract between Bell and the defendants. We assume the parties' familiarity with the remaining facts, procedural history, and issues on appeal.

We review *de novo* the District Court's decision to grant summary judgment and, in the course of that review, we resolve ambiguities and draw all permissible factual inferences in favor of the nonmoving party. *See, e.g.*, *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008); *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n*, 182 F.3d 157, 160 (2d Cir. 1999). We will affirm the grant of summary judgment by the District Court if the record indicates that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Pilgrim v. Luther*, 571 F.3d 201, 204 (2d Cir. 2009) (internal quotation marks omitted). In the course of our evaluation, we afford plaintiff the "special latitude" that we give to *pro se* plaintiffs, *see, e.g.*, *Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998).

An independent review of the record, case law, and arguments on appeal in the instant case reveals that the District Court properly granted summary judgment in favor of defendants. Substantially for the reasons stated in its thorough and well-reasoned opinion of September 12, 2008, *Bell v. South Bay Eur. Corp.*, No. 06-CV-472, 2008 WL 4298542 (S.D.N.Y. Sept. 12, 2008), we affirm the judgment of the District Court.

## CONCLUSION

We have considered each of plaintiff's arguments on appeal and find them to be without merit. For the reasons stated above, we AFFIRM the judgment of the District Court.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

2