08-5882-cv
Berry v. Deutsche Bank Trust Company Americas

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twenty-sixth day of May, two thousand and ten.**

PRESENT:

> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> *Circuit Judges*,
> BRIAN M. COGAN,
> *District Judge.*[*]

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

WAYNE BERRY,

>  *Plaintiff-Appellant*,

>  -v.-                                    No. 08-5882-cv


DEUTSCHE BANK TRUST COMPANY AMERICAS, in their
separate capacities and as agents for the pre and post-petition
lenders of Fleming Companies, Inc., formerly known as Bankers
Trust Company, JP MORGAN CHASE BANK, in their separate
capacities and as agents for the pre and post-petition lenders of
Fleming Companies, Inc., formerly known as The Chase
Manhattan Bank, DOES, #1-200, GENERAL ELECTRIC

---

[*] The Honorable Brian M. Cogan, of the United States District Court for the Eastern District of New York, sitting by designation.

CAPITAL CORPORATION, C&S WHOLESALE GROCERS, INC., POST-CONFIRMATION TRUST OF FLEMING COMPANIES, INC., and ROBERT KORS,

*Defendants-Appellees,*

CORE-MARK HOLDINGS, INC.,

*Defendant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:** Wayne Berry, Jupiter, FL, *pro se.*

**FOR DEFENDANTS-APPELLEES:** Robert Penchina, Levine Sullivan Koch & Schulz, L.L.P., New York, NY, *for defendant-appellee general Electric Capital Corp.*

Christopher M. Mason, Nixon Peabody LLP, *for defendant-appellee C&S Wholesale Grocers, Inc.*

Michael E. Baumann (Erin N. Brady, admission pending, *of counsel*) Kirkland & Ellis LLP, Los Angeles, CA, *for defendants-appellees Post Confirmation Trust, Robert Kors, Deutsche Bank Trust Company Americas and JP Morgan Chase Bank.*

Jonathan Moskin, White & Case LLP, New York, NY, *for defendants-appellees Deutsche Bank Trust Company Americas and JP Morgan Chase Bank.*

Appeal from a September 30, 2008 order of the United States District Court for the Southern District of New York (William H. Pauley III, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED.**

Plaintiff-appellant Wayne Berry ("plaintiff" or "Berry"), *pro se*, appeals from the District Court's order insofar as it (1) dismissed his claims against defendant-appellee C&S Wholesale Grocers, Inc. (C&S) for copyright infringement on the basis of *res judicata*; (2) dismissed his contributory and vicarious copyright infringement claims against defendants-appellees Deutsche Bank Trust Company Americas, JP Morgan Chase Bank, and General Electric Capital Corporation (the "Lender defendants") for failure to state a claim upon which relief could be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil

Procedure; (3) dismissed his unjust enrichment claims against the Lender defendants based on federal preemption under the Copyright Act; (4) granted summary judgment to the Post-Confirmation Trust of the Fleming Cos., Inc., and its principal, Robert Kors (jointly, "PCT"), on Berry's claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and dismissed his RICO claims against the Lender Defendants for failure to state a claim upon which relief could be granted; and (5) granted summary judgment to PCT on his breach of contract claim. We assume the parties' familiarity with the remaining facts, procedural history, and issues on appeal.

We review *de novo* the District Court's decision dismissing a complaint pursuant to Rule 12(b)(6). *See, e.g.*, *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). "To survive dismissal, [a] plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns., Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). We review the District Court's denial of leave to amend a complaint for "abuse of discretion." *See, e.g.*, *Jin v. Metropolitcan Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002). "A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." *Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) (internal quotation marks, citations, and alterations omitted).

We also review *de novo* the District Court's decision to grant summary judgment and, in the course of that review, we resolve ambiguities and draw all permissible factual inferences in favor of the nonmoving party. *See, e.g.*, *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008); *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n*, 182 F.3d 157, 160 (2d Cir. 1999). We will affirm the grant of summary judgment by the District Court if the record indicates that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Pilgrim v. Luther*, 571 F.3d 201, 204 (2d Cir. 2009) (internal quotation marks omitted).

After conducting an independent review of the record and case law, we conclude, substantially for the reasons stated in the well-reasoned decision and order of the District Court, *Berry v. Deutsche Bank Trust Co. Americas*, No. 07-cv-7634, 2008 WL 4694968 (S.D.N.Y. Oct. 21, 2008), that the District Court did not improperly dismiss plaintiff's complaint or err in granting summary judgment in favor of PCT.

We further conclude that the District Court properly dismissed plaintiff's copyright infringement claims against C&S on the basis of *res judicata* because it found that Berry's claims rested on the same facts that had been adjudicated on the merits in earlier litigation in the Hawaiian courts. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). Nor did the District Court err in dismissing plaintiff's contributory copyright liability claims against the Lender defendants because it found that Berry failed to allege facts proving that these defendants had acted in concert with any direct infringer, or had the necessary degree of control over the direct infringer. *See Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971). Finally, we have considered plaintiff's claim regarding the Copyright Act and also find it to be without merit.

3

## **CONCLUSION**

We have considered each of plaintiff's arguments on appeal and find them to be without merit. For the reasons stated above, we AFFIRM the judgment of the District Court.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court