10-5204-cv
United States v. Broadening-Info Enter., Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of February, two thousand twelve.

Present:
　　　　ROBERT A. KATZMANN,
　　　　SUSAN L. CARNEY,
　　　　　　　　*Circuit Judges*,
　　　　JANE A. RESTANI,
　　　　　　　　*Judge*.*

_____

UNITED STATES OF AMERICA,

　　　　*Plaintiff-Appellee*

　　　　　　v.　　　　　　　　　　　　　　No. 10-5204-cv

BROADENING-INFO ENTERPRISES, INC.

　　　　*Claimant-Appellant*.

_____

For Claimant-Appellant:　　　　PHILIP A. BYLER (Andrew T. Miltenberg, *on the brief*)
　　　　　　　　　　　　　　　　Nesenoff & Miltenberg, LLP, New York, N.Y.

---

* The Honorable Jane A. Restani, of the United States Court of International Trade, sitting by designation.

For Appellee:                    JASON P. HERNANDEZ, Assistant United States Attorney (Iris
                                 Lan, *of counsel*), *for* Preet Bharara, United States Attorney for
                                 the Southern District of New York.


    Appeal from the United States District Court for the Southern District of New York
(Sullivan, *J.*).

    **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and

**DECREED** that the judgment of the district court be and hereby is **AFFIRMED** in part and

**REMANDED** for further proceedings.

    Claimant-Appellant Broadening-Info Enterprises, Inc. ("Broadening") appeals a

September 20, 2010 judgment of civil forfeiture entered by the Southern District of New York

(Sullivan, *J.*) following a Memorandum Order dated May 18, 2010 granting the United States's

motion for summary judgment and ordering Broadening to forfeit the defendants-*in-rem*, the

painting known as "*Hannibal*" and the sculpture known as "*Roman Togatus*," to the United

States pursuant to 19 U.S.C. § 1595a(c).  We presume the parties' familiarity with the facts and

procedural history of this case.

    We review a district court's grant of summary judgment *de novo*.  *Pilgrim v. Luther*, 571

F.3d 201, 204 (2d Cir. 2009).  In reviewing a summary judgment decision, we "utilize[] the same

standard as the district court: summary judgment is appropriate where there exists no genuine

issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment

as a matter of law."  *D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998).  A material

fact is one that might "affect the outcome of the suit under the governing law," and a dispute

about a genuine issue of material fact exists if the evidence is such that "a reasonable [fact

finder] could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477

2

U.S. 242, 248 (1986). In determining whether there is a genuine issue of material fact, a court must resolve all ambiguities and draw all inferences against the moving party. *Pilgrim*, 571 F.3d at 204.

We first turn to Broadening's contention that the district court erred in holding that the protections for civil forfeiture claimants found in the Civil Asset Forfeiture Reform Act of 2000, 18 U.S.C. § 981 *et seq.* ("CAFRA"), do not apply in the instant action. "Congress responded to concerns regarding the broad scope of the government's civil forfeiture authority by passing [CAFRA, which] . . . provides some claimants with, among other things, a more favorable burden of proof and an innocent-owner defense." *United States v. Davis*, 648 F.3d 84, 92-93 (2d Cir. 2011); *see* 18 U.S.C. § 983(c) & (d) ("under any civil forfeiture statute . . . [a]n innocent owner's interest in property shall not be forfeited" and "the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture"). However, in what has become known as the "customs carve-out," *Davis*, 648 F.3d at 94, Congress expressly excluded forfeiture actions brought under "the Tariff Act of 1930 or any provision of law codified in title 19" from CAFRA's definition of a "civil forfeiture statute." 18 U.S.C. § 983(i)(2)(A). Accordingly, as we recently held, "forfeiture actions brought pursuant to 19 U.S.C. § 1595a are not subject to CAFRA's innocent-owner provision" or its "burden-of-proof provision." *Davis*, 648 F.3d at 94, 96. Broadening offers no basis by which we could conclude that the customs claim in *Davis* is distinguishable in any pertinent way from the customs claim at issue here. Indeed, in reaching our holding in *Davis* that CAFRA does not apply to any claim brought under 19 U.S.C. § 1595a, we cited as support the order that is the subject of the instant appeal. *See id.* at 94 n.6 (citing *United States v. Painting Known as*

*"Hannibal"*, No. 08 Civ. 1511(RJS), 2010 WL 2102484, at \*4 (S.D.N.Y. May 18, 2010)). For these reasons, we conclude that CAFRA is in no way applicable to the 19 U.S.C. § 1595a forfeiture claim on appeal.

We next turn to Broadening's contention that the district court erred in taking into consideration a declaration submitted by U.S. Immigration and Customs Enforcement ("ICE") agent Seth Taylor (the "Taylor Declaration") in support of the government's motion for summary judgment. "[W]e afford district courts wide latitude in determining whether evidence is admissible," and so "review . . . evidentiary rulings for abuse of discretion, reversing only if we find manifest error." *United States v. Miller*, 626 F.3d 682, 687-88 (2d Cir. 2010) (internal quotation marks, citations, and ellipsis omitted). As an initial matter, the ordinary requirement that affidavits submitted in support of a party's motion for summary judgment be based upon personal knowledge and admissible evidence does not apply under the pre-CAFRA evidentiary framework applicable here. *See United States v. One Parcel of Prop. Located at 15 Black Ledge Drive, Marlborough, Conn.*, 897 F.2d 97, 101-02 (2d Cir. 1990) ("the government [is allowed] to establish probable cause on the basis of hearsay affidavits" so long as the information contained therein is reliable). Accordingly, to the extent that Broadening's objection to the district court's consideration of the Taylor Declaration is predicated solely on Taylor's lack of personal knowledge regarding the information to which he attested, that objection is without merit. Further, the district court did not abuse its discretion in concluding that the shipping invoices attached to the Taylor Declaration were reliable evidence. Those documents were produced in response to an ICE Customs Summons by the neutral third party that was responsible for transporting the defendants-*in-rem* from JFK airport to a warehouse in New York. Moreover,

4

Broadening itself conceded that these documents are exactly what they purport to be -- namely, customs documentation presented to ICE in connection with Broadening's effort to import *Hannibal* and *Roman Togatus* into the United States. Accordingly, we conclude that the district court did not err in relying on the Taylor Declaration on summary judgment.

Having addressed these preliminary matters, we next turn to whether the district court correctly granted the government's motion for summary judgment on its claim brought under 19 U.S.C. § 1595a(c). Section 1595a(c) of Title 19 of the United States Code states that "[m]erchandise which is introduced or attempted to be introduced into the United States contrary to law . . . shall be seized and forfeited . . . if it . . . is stolen, smuggled, or clandestinely imported or introduced." Accordingly, for the government to seize merchandise under 19 U.S.C. § 1595a(c), it must satisfy two separate requirements: (1) that the merchandise was introduced, or was sought to be introduced, "contrary to law"; and (2) that the merchandise was "stolen, smuggled, or clandestinely imported or introduced." *See Davis*, 648 F.3d at 87; *see also id.* at 90 (noting that "the undisputed evidence before the district court indicated that [the merchandise in question] was stolen").

One way in which merchandise may be introduced into the United States "contrary to law" is if it is "enter[ed] or introduce[d] . . . by means of any fraudulent or false invoice . . . or by means of any false statement, written or verbal . . . whether or not the United States shall or may be deprived of any lawful duties." 18 U.S.C. § 542. False statements only violate § 542 if they are "material." *United States v. An Antique Platter of Gold*, 184 F.3d 131, 135 (2d Cir. 1999)). "[A] false statement is material under Section 542 if it has the potential significantly to affect the integrity or operation of the importation process as a whole . . . ." *Id.* at 136 (brackets omitted).

5

This standard entails determining "whether a reasonable customs official would consider the statements to be significant to the exercise of his or her official duties," including "the decision to admit an item" as well as "decisions as to processing, *e.g.*, expediting importation." *Id.*

Here, Broadening contends that the district court erred in concluding that the shipping invoices accompanying the defendants-*in-rem* were materially false. Those invoices declared the value of each artwork as only $100, whereas Broadening paid $1 million for *Hannibal* and $600,000 for *Roman Togatus*. Under 19 U.S.C. § 1484, the "importer of record" of merchandise must provide "such information as is necessary to enable the Bureau of Customs and Border Protection to determine whether the merchandise may be released" from its custody. As is relevant here, if a shipment is valued at less than $200, it may be imported into the United States without any customs documentation. *See* 19 C.F.R. § 128.24(a) & (e). Accordingly, "necessary" information under § 1484 includes the value of the merchandise whose importation is being sought. *See United States v. Holmquist*, 36 F.3d 154, 161 (1st Cir. 1994) (cited in *Antique Platter of Gold*, 184 F.3d at 136) ("Undervaluations are by their nature materially related to the importation process, both because they may interfere with the government's efforts to monitor and regulate the flow of goods into the United States and because they undermine the integrity of the entire importation process."); *accord United States v. Ackerman*, 704 F.2d 1344, 1348 (5th Cir. 1983). Because the shipping invoices at issue here grossly misrepresented the value of the defendants-*in-rem*, thereby materially impacting "decisions as to processing, *e.g.*, expediting importation," *Antique Platter of Gold*, 184 F.3d at 136, we conclude that the district

6

court did not err in finding those invoices materially false under 18 U.S.C. § 542.**

Accordingly, we affirm the district court's conclusion that the defendants-*in-rem* were introduced into the United States "contrary to law" under 19 U.S.C. § 1595a(c)

Turning to the second requirement under 19 U.S.C. § 1595a(c), whether the defendants-*in-rem* were "stolen, smuggled, or clandestinely imported or introduced" into the United States, it does not appear that the district court expressly addressed this issue in its May 18, 2010 Memorandum Order. *See Painting Known as "Hannibal"*, 2010 WL 2102484, at *4. Because we are unable to assess, on the record before us, whether the district court found that the defendants-*in-rem* were "stolen, smuggled, or clandestinely imported or introduced," as required under 19 U.S.C. § 1595a(c), we remand the case to the district court, pursuant to the procedures set forth in *United States v. Jacobson*, 15 F.3d 19, 21-22 (2d Cir. 1994), for clarification of its decision and for additional findings of fact or conclusions of law as necessary.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED** in part and the case is **REMANDED**. The mandate shall issue forthwith. The parties are to inform the Clerk of the Court by letter within twenty-one days of when the district court has issued its clarification. Following such notification, jurisdiction of this appeal automatically will be

---

** Broadening's argument that the true value of the defendants-*in-rem* is unknown because of a "lack of market activity" shedding light on their worth, Appellant Br. at 43, is wholly unconvincing. There is no dispute that Broadening purchased the artworks for a combined $1.6 million, at prices that Broadening itself describes on appeal as representing their "fair market prices." *Id*. at 7. In such circumstances, any uncertainty as to the exact valuation of the artworks -- whether, for example, *Hannibal* was worth the $1 million Broadening paid for it, the $2 million Broadening attempted to sell it for, or the $8 million that a neutral appraisal concluded it could be worth -- has no bearing whatsoever on whether it was materially false to represent that each artwork was worth a mere $100.

restored to this Court without need for either party to file a new notice of appeal.  After

jurisdiction is restored, this panel will resume its consideration of this case.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK