*Rush v. Canfield*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT"S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of May, two thousand sixteen.

PRESENT:  JON O. NEWMAN,
          JOSÉ A. CABRANES,
          RAYMOND J. LOHIER, JR.,
               *Circuit Judges.*

_____

BASHEEN RUSH,

               *Plaintiff-Appellant,*

          v.                                                        15-896

WESLEY CANFIELD, AT THE SOUTHPORT
CORRECTIONAL FACILITY, ET AL.,

               *Defendants-Appellees,*

NURSE BROWN, AT THE SING SING
CORRECTIONAL FACILITY, ET AL.,

               *Defendants.*

_____

FOR PLAINTIFF-APPELLANT:     Basheen Rush, pro se, Albion, NY.

FOR DEFENDANTS-APPELLEES:     Andrew Ayers and Kathleen M. Treasure, Assistant
                              Solicitors General, *for* Eric T. Schneiderman, Attorney
                              General of the State of New York, Albany, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (William M. Skretny, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Appellant Basheen Rush, proceeding pro se, appeals the District Court's judgment of March 10, 2015, which dismissed a number of Rush's claims under 42 U.S.C. § 1983 and granted summary judgment on the remainder. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"Our standard of review for both motions to dismiss and motions for summary judgment is *de novo*." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). To survive a motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A motion for summary judgment tests the non-moving party's evidence, not just its bare allegations or denials, but the court must resolve all ambiguities and draw all reasonable inferences in the non-movant's favor. *Nationwide Life Ins. Co. v. Bankers Leasing Ass'n, Inc.*, 182 F.3d 157, 160 (2d Cir. 1999). "Summary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller*, 321 F.3d at 300.

We conclude that the District Court properly dismissed Rush's claims in part and granted summary judgment on the rest. Except as noted below, we affirm for substantially the reasons stated by the District Court in its February 14, 2013 order of dismissal, *see Rush v. Fischer*, 923 F. Supp. 2d 545 (S.D.N.Y. 2013), and by Magistrate Judge McCarthy in his January 6, 2015 report and recommendation, which was adopted by the District Court in its entirety, *see* D.A. 298-312, 315.

We pause to note that the District Court erred in determining that Rush abandoned the due-process claims related to his disciplinary hearing by failing to respond to defendants' argument that those claims should be dismissed. "If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." *McCall v. Pataki*, 232 F.3d 321, 323 (2d Cir. 2000). We nevertheless affirm, because Rush's conclusory allegations failed to state a claim that he was deprived of a liberty interest without due process of law. *See Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993) ("We may affirm . . . on any basis for which there is a record sufficient to permit conclusions of law, including grounds upon which the district court did not rely."). A prisoner possesses a "circumscribed right" to call witnesses at a disciplinary hearing, *Ponte v. Real*, 471 U.S. 491, 498 (1985), as well as a "qualified right" to assistance in preparing his defense, *Pilgrim v. Luther*, 571 F.3d 201, 206 (2d Cir. 2009). But Rush's assertion that he was "denied the right to call witnesses and the right to assistance," D.A. 24, is a bare legal conclusion incapable of surviving a motion to dismiss, *Twombly*, 550 U.S. at 555.

We have considered all of Rush's arguments on appeal and find them to be without merit. We thus **AFFIRM** the March 10, 2015 judgment of the District Court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk