17-1283-pr
*Grant v. Fischer*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of January, two thousand nineteen.

PRESENT:   José A. Cabranes,
           Christopher F. Droney,
           Richard J. Sullivan,
                      *Circuit Judges.*

William T. Grant

                  *Plaintiff-Appellant,*                        17-1283-pr

           v.

Brian S. Fischer, Commissioner, New York State Department of Corrections and Community Supervision, Donald Venettozi, (Acting) Director, Special Housing Inmate Disciplinary Program, Robert Boissy, Senior Correctional Counselor, Great Meadow

C<small>ORRECTIONAL</small> F<small>ACILITY</small>, J<small>ENNIFER</small> W<small>INNEY</small>, FKA
J<small>ENNIFER</small> A<small>TKINSON</small>,\*

*Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**    William T. Grant, *pro se*, Stormville, NY.

**FOR DEFENDANTS-APPELLEES:**   Patrick Arthur Woods, Esq., Assistant
                Solicitor General, *for* Barbara D.
                Underwood, Attorney General, State of
                New York, Albany, NY.

Appeal from the March 29, 2017 judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant William T. Grant ("Grant"), proceeding *pro se,* brought suit against several corrections officers and prison officials under 42 U.S.C. § 1983. Grant alleges due process violations related to his prison disciplinary hearing and subsequent enhanced confinement. The District Court granted summary judgment to the defendants, reasoning that while Grant was transferred to "atypical and significant conditions" implicating his due process rights, *see Sandin v. Connor,* 515 U.S. 472, 484 (1995), Grant received constitutionally adequate process.

On appeal, Grant argues that summary judgment was improper for three reasons. First, he argues that the District Court adopted the report and recommendations of the Magistrate Judge ("the R&R") without considering his timely objections. Second, he argues that genuine issues of material fact remained that should have been tried by a jury. Third, he argues that the District Court granted summary judgment before the completion of discovery. We reject all three arguments.

We assume the parties' general familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. We review orders granting summary judgment *de novo. Sousa v. Marquez,* 702 F.3d 124, 127 (2d Cir. 2012) (internal citations omitted).

---

\* The Clerk of the Court is directed to amend the official caption to reflect names of the defendants in full.

First, Grant argues that the District Court should have reviewed his objections to the R&R *de novo* despite their apparent untimeliness. He argues that because he prepared his objections to the R&R in a timely fashion, he should not be prejudiced by fact that they were not filed with the District Court until after the seventeen-day deadline. *See* FED. R. CIV. P. 6(d), 72.

We need not consider the legal aspect of this claim, *i.e.,* "whether the prison mailbox rule applies in the context of objections to a report and recommendation." *See Mannix v. Phillips*, 619 F.3d 187, 196 (2d Cir. 2010) (declining to "specifically decide" this question). Here, the record is clear that the District Court chose to conduct a *de novo* review of the R&R regardless of the timeliness of Grant's objections. Dist. Ct. Dckt. no. 65.

Second, Grant argues that genuine issues of material fact remain regarding (i) whether his assigned assistant offered inadequate assistance prior to the disciplinary hearing, and (ii) whether Grant's hearing officer's conduct and conclusions met constitutional requirements. *See Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004) (listing constitutional requirements for inmate disciplinary hearings). We disagree, for substantially the reasons offered by the District Court in its March 29, 2017 Opinion and Order, App'x at 18-21, and the Magistrate Judge in his March 10, 2017 Report and Recommendation, App'x at 35-40.

Moreover, any violation of a prisoner's "qualified right" to assistance in "marshaling evidence and presenting a defense" at a prison disciplinary hearing is reviewed for "harmless error." *Pilgrim v. Luther*, 571 F.3d 201, 206 (2d Cir. 2009). In this case, defendant failed to identify any witness or defense he would have offered had the assistance he received, or the hearing officer's conduct, been different. Any error in the disciplinary proceedings was therefore harmless.

Third, contrary to Grant's claim, the District Court did not decide defendants' summary judgment motion while discovery was pending. Rather, the Magistrate Judge resolved Grant's motion to compel discovery over a month prior to issuing the R&R. In his February 3, 2017 order, he directed the defendants to file the audio recording of the calls at issue (and a written transcript of the same) with the District Court and to provide them to Grant as well. Dist. Ct. Dckt. no. 59. The defendants complied within two weeks, Dist. Ct. Dckt. no. 62, well before the Magistrate Judge issued his R&R on March 10.

Finally, to the extent that Grant claims he was denied access to the transcript and audio recording of the phone calls, he can claim no prejudice. Grant had the opportunity to listen to the entire recording at his hearing and had already obtained a copy of the partial transcript during his Article 78 proceeding in New York State Supreme Court. In fact, Grant included a copy of that transcript in his own papers opposing summary judgment. Dist. Ct. Dckt. no. 48-1 at 39–46. Moreover, the Magistrate Judge "listened to the subject recordings at length," Dist. Ct. Dckt. no. 62 at 17, and now this Court has done so as well. Accordingly, any lack of access to this recording has

not prevented Grant from "present[ing] facts essential to justify his opposition." *Trebor Sportswear Co. v. The Ltd. Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989).

## CONCLUSION

We have reviewed all of the arguments raised by Grant on appeal and find them to be without merit. The March 29, 2017 judgment of the District Court is **AFFIRMED.**

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk