10-4638-cv
MacFall et al. v. City of Rochester et al.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of September, two thousand twelve.

Present:
          ROBERT A. KATZMANN,
          RICHARD C. WESLEY,
          GERARD E. LYNCH,
                    *Circuit Judges*.

———————————————————————————

DAVID S. MACFALL, STEPHEN B. TORTORA,
STEPHEN J. WARD, MICHAEL V. YODICE,

          *Plaintiffs-Appellants*,

                    v.                                    No.  10-4638-cv

CITY OF ROCHESTER, DAVID T. MOORE, Chief, GEORGE
MARKET, Executive Deputy Chief, MICHAEL SMITH, Deputy Chief,
RONALD MALLEY, Sergeant, JOSEPH WUKITCH, Sergeant, HERB
BROWN, Lieutenant, DANIEL BERADINI, and other known or unknown
members of the City of  Rochester Police Department,

          *Defendants-Appellees*.

———————————————————————————

For Plaintiffs-Appellants:                    JEFFREY WICKS (Candice C. Baker Leit, *on the brief*),
                                              Jeffrey Wicks, PLLC, Rochester, N.Y.

For Defendants-Appellees:        WILLIAM G. BAUER, Woods Oviatt Gilman LLP, Rochester, N.Y.

Appeal from the United States District Court for the Western District of New York (Larimer, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiffs-Appellants David MacFall, Stephen Tortora, Stephen Ward, and Michael Yodice ("plaintiffs") bring this action under 42 U.S.C. § 1983 alleging, among other things, that an internal investigation conducted by Defendants-Appellees the City of Rochester (the "City") and various City officials (collectively, "defendants") into plaintiffs' alleged official misconduct was conducted in retaliation for their First-Amendment-protected speech, and denied them due process of law. By judgment dated October 28, 2010, the United States District Court for the Western District of New York (Larimer, *J.*) dismissed the Complaint. We presume the parties' familiarity with the underlying facts and procedural history of this case, as well as with the issues on appeal.

We review a district court's grant of summary judgment de novo, viewing the facts in the light most favorable to the non-moving party. *Pilgrim v. Luther*, 571 F.3d 201, 204 (2d Cir. 2009). We review a district court's discovery rulings for abuse of discretion. *Stagl v. Delta Airlines, Inc.*, 52 F.3d 463, 474 (2d Cir. 1995).

Plaintiffs' claim of denial of procedural due process fails, because plaintiffs have not identified a property or liberty interest that is entitled to protection under the Due Process Clause of the United States Constitution. "Property interests protected by due process . . . are created

2

and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Martz v. Inc. Vill. of Valley Stream*, 22 F.3d 26, 29 (2d Cir. 1994) (internal quotation marks omitted). To establish such an interest, a plaintiff must show that he or she had "a legitimate claim of entitlement" to the interest, as opposed to a mere "unilateral expectation." *McPherson v. New York City Dep't of Educ.*, 457 F.3d 211, 216 (2d Cir. 2006) (internal quotation marks omitted) (emphasis omitted).

Here, plaintiffs have identified no property interest to which they had "a legitimate claim of entitlement." Importantly, "an employee who is on leave and receiving his normal salary" is not "deprived of a property right merely be virtue of being relieved of his job duties." *O'Connor v. Pierson*, 426 F.3d 187, 199 (2d Cir. 2005) (holding that a state employee who was placed on paid sick leave pending investigation into alleged misconduct, thereby drawing down on his accumulated leave time, was not deprived of a constitutionally protected property interest). Plaintiffs have at all times retained their full normal salary. Moreover, the Collective Bargaining Agreement between the City and plaintiffs' union does not guarantee plaintiffs access to either overtime or out-of-title work, but merely outlines the conditions and circumstances under which they and their colleagues may perform such work. Accordingly, plaintiffs have not established a "legitimate claim of entitlement" to any of the employment benefits identified in the Complaint. *See Rolon v. Henneman*, 517 F.3d 140, 148 (2d Cir. 2008) (police officer suspended without pay pending investigation into misconduct does not have a property right to overtime absent submission of "rules or understandings" proving "a legitimate claim" to overtime opportunities).

3

For these same reasons, plaintiffs have failed to allege that they were deprived of a "legal right or status," as is required to set forth a "stigma plus" claim predicated on their liberty interest in their professional reputations. *See Martz*, 22 F.3d at 31-32 ("[S]ome 'stigma plus' [must] be established before mere defamation will rise to the level of a constitutional deprivation. . . . [I]n the context of defamation involving a government employee, . . . the 'plus' is not only significant damage to a person's employment opportunities but dismissal from a government job or deprivation of some other legal right or status." (internal citations and quotations omitted)).

We turn next to plaintiffs' claim that defendants violated their right to substantive due process. "To establish a violation of substantive due process rights, a plaintiff must demonstrate that the state action was so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience." *Okin v. Vill. of Cornwall-on-Hudson Police Dep't*, 577 F.3d 415, 431 (2d Cir. 2009) (internal quotation marks omitted). We conclude that none of the conduct alleged in the Complaint meets this exacting standard.

As to plaintiffs' claim for First Amendment retaliation, in order for a public employee to state such a claim, the employee's speech must have been "as a citizen on a matter of public concern," *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006), and not merely "calculated to redress personal grievances," *Ruotolo v. City of New York*, 514 F.3d 184, 189 (2d Cir. 2008) (internal quotation marks omitted). Here, we agree with the district court that "plaintiffs could hardly be said to have been pursuing some public purpose; they were simply stating, on the record, their intent to contest the charges against them." *MacFall v. City of Rochester*, 746 F. Supp. 2d 474, 490 (W.D.N.Y. 2010) (internal quotation marks omitted). Similarly, it is clear that plaintiffs

4

filed the instant lawsuit in an effort to remedy their personal grievances against defendants, not to address a matter of public concern. *See Ezekwo v. NYC Health & Hosps. Corp.*, 940 F.2d 775, 781 (2d Cir. 1991) (holding that a physician's complaints were not a matter of public concern where her "primary aim was to protect her own reputation and individual development as a doctor," not "protect the public welfare").

Given that plaintiffs failed to adequately allege an underlying constitutional violation, the district court did not err in dismissing their claim for municipal liability. *See Segal v. City of New York*, 459 F.3d 207, 219-20 (2d Cir. 2006) (holding that district court need not reach municipal liability claim where underlying constitutional claims were properly dismissed).

Finally, plaintiffs contend that the district court abused its discretion in awarding summary judgment to defendants without first allowing for discovery. This is unconvincing. Under Rule 12(d) of the Federal Rules of Civil Procedure, where "matters outside the pleadings are presented in response to [a motion to dismiss], a district court must either exclude the additional material and decide the motion on the complaint alone or convert the motion to one for summary judgment under Fed. R. Civ. P. 56 and afford all parties the opportunity to present supporting material." *Friedl v. City of New York,* 210 F.3d 79, 83 (2d Cir. 2000) (internal quotation marks omitted). The supporting material that parties are entitled to submit after a Rule 12(d) conversion is limited to that which "is pertinent to the motion." Fed. R. Civ. P. 12(d).

Here, in converting defendants' motion to dismiss to one for summary judgment, the district court made clear that it was doing so for the limited purpose of considering the facts and circumstances surrounding plaintiffs' formal disciplinary proceedings. In this context, plaintiffs' general argument that they need discovery in order to prove their claims is misguided. Plaintiffs

5

did not -- and do not on appeal -- identify any factual material they wished to ascertain through discovery that could have raised a factual issue material to their claims. To the extent that plaintiffs suggested at oral argument that they sought to depose the mayor or other witnesses to develop evidence that the mayor or police chief had a subjective political motivation for pursuing the investigation, such evidence would have been unavailing, as it would not have established a protected property interest that would save their due process claims, or turned their refusal to admit wrongdoing into First-Amendment-protected speech.

We have considered all of plaintiffs' other arguments on appeal and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, CLERK

6