Nagubandi v County of Rockland (2025 NY Slip Op 05000)

Nagubandi v County of Rockland

2025 NY Slip Op 05000

Decided on September 17, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 17, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ROBERT J. MILLER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2023-06408
 (Index No. 33381/22)

[*1]Radhika Nagubandi, appellant, 
v
County of Rockland, et al., respondents, et al., defendant.

Radhika Nagubandi, New City, NY, appellant pro se.
Bolaños Lowe PLLC, Pittsford, NY (Karlee S. Bolaños and William Lowe of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Rockland County (Thomas P. Zugibe, J.), dated April 12, 2023. The order, insofar as appealed from, granted those branches of the motion of the defendants County of Rockland, County Executive of Rockland, County Legislature of Rockland, and Commissioner of Department of Social Services of Rockland County which were pursuant to CPLR 3211(a) to dismiss the first and second causes of action insofar as asserted against the defendants County of Rockland, County Executive of Rockland, and County Legislature of Rockland.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On November 1, 2016, the defendant County of Rockland and the defendant Rockland Association of Management (RAM Union) AFT Local 4404 (hereinafter RAM) executed a collective bargaining agreement that covered the period from January 1, 2014, to July 31, 2016 (hereinafter the previous CBA). On September 30, 2020, the County and RAM executed a collective bargaining agreement that covered the period from August 1, 2016, to December 31, 2021 (hereinafter the successor CBA). The successor CBA, like the previous CBA, provided that "[w]henever" the parties agreed that "wage increases shall be paid retroactively," retired employees would be eligible for wage adjustments for any applicable continuous period of active service. The successor CBA further provided that employees who (1) had worked in 2017 and 2018 and (2) remained active on the County's payroll on the date the County executive approved the successor CBA would receive "lump sum" payments of $800 and $1500, respectively.
The plaintiff, an attorney who worked for the County from March 26, 1986, until her retirement on August 7, 2018, commenced this action, inter alia, to recover damages for breach of contract (first cause of action) and pursuant to 42 USC § 1983 for a deprivation of a vested property interest without due process (second cause of action), alleging that she was entitled to the two lump sum payments set forth in the successor CBA. The County and the defendants County Executive of Rockland (hereinafter the Executive), County Legislature of Rockland (hereinafter the Legislature), and Commissioner of Department of Social Services of Rockland County (hereinafter collectively the County defendants) moved, among other things, pursuant to CPLR 3211(a) to dismiss the first and second causes of action insofar as asserted against the County, the Executive, [*2]and the Legislature. In an order dated April 12, 2023, the Supreme Court, inter alia, granted those branches of the motion. The plaintiff appeals.
"A motion pursuant to CPLR 3211(a)(1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted only where the documentary evidence utterly refutes the plaintiff's factual allegations, thereby conclusively establishing a defense as a matter of law" (Katz v DePaola, 211 AD3d 1020, 1021 [internal quotation marks omitted]; see Yan Ping Xu v Van Zwienen, 212 AD3d 872, 874). "To constitute documentary evidence, the evidence must be unambiguous, authentic, and undeniable, such as . . . deeds, contracts, and any other papers, the contents of which are essentially undeniable. Conversely, letters, emails, and . . . affidavits . . . do not meet the requirements for documentary evidence" (Phillips v Taco Bell Corp., 152 AD3d 806, 807 [citations and internal quotation marks omitted]; see MJ Lilly Assoc., LLC v Ovis Creative, LLC, 221 AD3d 805, 806).
On a motion to dismiss for failure to state a cause of action under CPLR 3211(a)(7), a court must "accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88; see Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 141). "Where a court considers evidentiary material in determining a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), but does not convert the motion into one for summary judgment, the criterion becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless the movant shows that a material fact as claimed by the plaintiff is not a fact at all and no significant dispute exists regarding the alleged fact, the complaint shall not be dismissed" (Kluska v Montefiore St. Luke's Cornwall, 227 AD3d 690, 691 [internal quotation marks omitted]; see D'Adamo v Cohen, 232 AD3d 848, 849).
Here, the County defendants conclusively established that the plaintiff was not entitled to the two lump sum payments set forth in the successor CBA (see generally CPLR 3211[a][1]). By the terms of Article VIII(3)(a)(1) and (2) of the successor CBA, the plaintiff was ineligible for the lump sum payments because she had retired before the successor CBA had been approved by the County executive. Contrary to the plaintiff's contention, her entitlement to retroactive wage increases only vested upon the agreement of the County and RAM to enact such increases. The successor CBA expressly provided that the lump sum payments "shall not increase the salary rate of the employees receiving [them] or the salary schedule." Moreover, the Supreme Court, in effect, properly declined to consider the plaintiff's allegation that it was the past practice of the County to pay retired employees similarly situated to the plaintiff pursuant to prior collective bargaining agreements since "'past practice, like any other form of parol evidence, . . . cannot be used to create a contractual right independent of some express source in the underlying agreement'" (Domitz v City of Long Beach, 187 AD3d 853, 857, quoting Matter of Aeneas McDonald Police Benevolent Assn. v City of Geneva, 92 NY2d 326, 333). Accordingly, the court properly granted dismissal of the first cause of action, alleging breach of contract, insofar as asserted against the County, the Executive, and the Legislature.
The Supreme Court also properly granted dismissal of the second cause of action, alleging a violation of 42 USC § 1983, insofar as asserted against the County, the Executive, and the Legislature pursuant to CPLR 3211(a)(7). The benefit allegedly denied to the plaintiff "does not constitute the kind of deprivation that may give rise to a due process claim" (Henneberger v County of Nassau, 465 F Supp 2d 176, 193 [ED NY]; see Licopoli v Mineola Union Free Sch. Dist., 2010 WL 4961667, *11-12, 2010 US Dist LEXIS 127090, *25-31 [ED NY, Civil Action No. 09-3974 (DRH)(AKT)]; MacFall v City of Rochester, 746 F Supp 2d 474, 484 [WD NY], affd 495 Fed Appx 158 [2d Cir]).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
CONNOLLY, J.P., MILLER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court